UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,          | No. 2:12-cv-1990 MCE GGH PS |
|---|---|
| Plaintiff,                          |                              |
| v.                                  | ORDER and FINDINGS & RECOMMENDATIONS |
| ROBERT S. LAUGHLIN, et al.,         |                              |
| Defendants.                         |                              |

Presently before the court is the government's motion to strike and dismiss defendants' second counter-claim, filed May 13, 2013. Defendants have not filed an opposition, but instead have filed a request for judicial notice and request for hearing.

I. <u>Motion to Strike and Dismiss Second Counterclaim</u>

The court's previous order set forth the deficiencies in defendants' first counter-claim, including the failure to include or otherwise file an answer. The order set forth the legal requirements which are repeated here. Fed. R. Civ. P. 8(b) requires a short and plain statement of defenses, *and* that a party "admit or deny the allegations asserted against it by an opposing party." Subdivision (b) sets forth the specific requirements in responding to the allegations, including responding to the substance of an allegation, general and specific denials, denying part of an allegation, lacking knowledge or information, and the effect of failing to deny an allegation.

/////

1

Based upon defendants' failure to comply with Rule 8(b), defendants' counter-claim, filed November 20, 2012, (dkt. no. 14), was stricken, and defendants were granted thirty days to file an answer and counter-claim to the complaint. Defendants were warned that failure to file an answer would result in a recommendation that defendants' default be entered.

The second counter-claim, filed April 22, 2013, similarly fails to provide an answer or comply with the general requirements of Rule 8(b), and therefore it will not also be construed as an answer. The government moves to strike it as failing to comply with the court's order, or to dismiss it for failure to allege an applicable waiver of sovereign immunity and for failure to state a claim.

Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By minute order of December 19, 2012, defendants were advised of the requirement to follow E.D. Local Rule 230(c) and that their opposition to plaintiff's first motion to dismiss was due fourteen days prior to the previously scheduled hearing date. By order filed March 18, 2013, defendants were informed of the deficiencies in their counter-claim and granted additional time to file an answer. Defendants were cautioned that failure to file an answer would result in a recommendation that defendants' default be entered. Defendants have not filed an answer and have not opposed the instant motion to strike and dismiss the second counter-claim. Pursuant to the March 18th order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

/////

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[1] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).[2]

In recommending that the second counter-claim be stricken and defendants' default entered, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). The government is prejudiced by the inability to prosecute this case, which has been delayed by defendants' refusal to comply with court orders and local rules, resulting in the lack of an answer on file despite the case being over fourteen months old. The government has also been prejudiced by the costs and effort expended in having to bring two dispositive motions just to obtain an answer. Moreover, delay is nearly always prejudicial. The court has advised defendants of the requirements under the Local Rules and that this action is subject to default, directed defendants to file an answer, and granted ample additional time to file answers and oppositions in the past, all to no avail. See ECF Nos. 11, 12, 27. The court therefore concludes that there is no suitable alternative less drastic sanction to default.

Furthermore, the court has reviewed the government's motion, and finds that it has merit. The complaint makes a claim to recover an allegedly fraudulently obtained erroneous refund from

---

[1] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

[2] The concept of dismissal as a sanction as discussed in Ghazali and Malone applies equally to the entry of default. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

defendants who, the government claims, filed an amended tax return for the year 2006, "reporting greatly increased income and falsely reporting a withholding credit relating to IRS Form 1099-OID in the amount of $1,048,786." This return allegedly, falsely claimed an overpayment to the IRS in the amount of $674,526. (Compl. ¶ 9.) Defendants were then credited $782,226.82, which is the amount (plus interest) sought by the government. (Id. at ¶¶ 10, 11, 13.) The complaint further alleges that defendants have failed to account for a withdrawal from their bank account in the amount of $435,000 to their bankruptcy trustee. (Id. at ¶ 12.)

The counter-claim filed on April 22, 2013, does not respond to the allegations in the complaint, other than to agree (and later disagree) that the court has jurisdiction, that venue is proper, and that "counter-plaintiffs" are "Common Law Citizens of the California Republic, and under these conditions and circumstances there is no controversy as it pertains to these matters." (ECF No. 28, ¶¶ 3-5, 8.) Defendants also claim they are "'nonresident Aliens' domiciled within the States of the Union or Foreign Counties without the 'United States.'" (Id. at ¶ 7.) Defendants, however, claim to be making a special, not general, appearance. (Id. at ¶ 12.)

The counter-claim for the most part is not responsive to the allegations in the complaint and is simply wrong. For example, one paragraph states:

> The UNITED STATES OF AMERICA and not the United States have accused the Counter Plaintiffs of failing to perform specifically to some legislative statue which is being presented as evidence of the law. Statues are not laws; administrative regulations which are civil in nature, even when they carry sanctions of a criminal nature, unless there is an injured party who is brought forward as a corpus delicti.

(ECF No. 28 at ¶ 17.) The counter-claim does not respond to the aforementioned allegations of the complaint, whether to admit or deny them in whole or in part, or state that knowledge or information is lacking. Arguments such as those averred in the counter-claim, that defendants are not citizens of the United States, "i.e. a juristic person or a franchised person who can be compelled to perform under the regulatory Internal Revenue Code, which is civil in nature," (id. at ¶ 31), have been found to be frivolous. See United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir.1992) (argument that taxpayer federal tax laws do not apply to him because he is a citizen of the sovereign state of Idaho is "patently frivolous"); United States v. Hilgeford, 7 F.3d 1340,

4

1342 (7th Cir.1993) (rejecting as "simply wrong" taxpayer's argument that, as a citizen of the "Indiana State Republic," he was outside the jurisdiction of United States).

The closest statement that may be construed as a response to the complaint is found in the counter-claim's prayer for judgment which states in part:

> A.  That Robert S. Laughlin and Barbra P. Laughlin are not indebted to the United States for erroneous refund in the amount of $782,226.82 plus any and all interest from November 2, 2009, until paid, without having standing to bring any claim.
>
> B.  That Robert S. Laughlin and Barbra P. Laughlin did not obtain erroneous refund by fraud and misrepresentation of material facts….

(ECF No. 28 at 13.)  These statements, however, do not specifically admit or deny the allegations pertaining to them, and only address *some* of the allegations.  Therefore, it cannot be construed as an answer.  Accordingly, the government's motion to strike the counter-claim as violative of this court's past orders and local rules, should be granted.

## II. Defendants' Request for Judicial Notice

Defendants have filed a demand that the court take judicial notice that defendants are "Private Americans, also, called "Natural Born Sovereign Citizens, 'nationals' and not 'U.S. citizens' and who, do not live inside the federal zone of the U.S." (ECF No. 30 at 1-2.)  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  Defendants' assertion is merely that, and moreover is legally incorrect.  Defendants' request is denied.

## CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

1. Defendants' request for judicial notice, filed June 7, 2013, (ECF No. 30), is denied.

2. Defendants' request for hearing, filed August 22, 2013, (ECF No. 35), is denied.

IT IS RECOMMENDED that:

1. The government's motion to strike and to dismiss second counterclaim, filed May 13, 2013, (ECF No. 29), be granted in part;

/////

2. Defendants' counter-claim, filed April 22, 2013 (ECF No. 28), be stricken and the Clerk of the Court be directed to enter the default of defendants Robert Laughlin and Barbra Laughlin.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/U.S.Laughlin1990.mtns