UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. LAUGHLIN, et al.,<br><br>Defendants. | No.  2:12-cv-1990 MCE GGH PS<br><br><br><br>FINDINGS & RECOMMENDATIONS |

The government's motion for default judgment, filed February 24, 2014, was submitted on the record.[1]  Local Rule 230(g).  Defendants did not file an opposition.[2]  Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

On July 30, 2012, the government filed the underlying complaint in this action against defendants Robert and Barbra Laughlin, alleging that the Laughlins falsely obtained an income tax refund.  The government's claim for default seeks recovery of the erroneous refund plus interest.  On November 6, 2013, the district court adopted this court's findings and

---

[1] This matter was vacated from the April 10, 2014 law and motion calendar.  (ECF No. 51.)

[2] Defendants filed a document styled "Original Notice of Felony Complaint" on March 27, 2014; however, it is not responsive to the motion.  (ECF No. 52.)

1

recommendations which recommended that default be entered for defendants' failure to file an answer or oppose the government's motion to strike and dismiss the second counter-claim, despite being granted opportunities to do so. (ECF Nos. 36, 39.) On November 6, 2013, the clerk entered default against Robert and Barbra Laughlin. (ECF No. 40.)

The order requiring entry of default, the entry of default, and the instant motion for default judgment were served by mail on the Laughlins at their last known address. Defendants filed no opposition to the motion for entry of default judgment. The government seeks entry of default judgment against defendants in the amount of $1,057,889.36, plus interest from April 1, 2014 until paid, and costs.[3]

DISCUSSION

The court has subject matter jurisdiction over this federal question action. 28 U.S.C. §§ 1340 and 1345; 26 U.S.C. §§ 7402(a) and 7405(b). Personal jurisdiction is appropriate as defendants were served at their residence in Granite Bay, CA.

The complaint makes a claim to recover an allegedly fraudulently obtained erroneous refund from defendants who, the government claims, filed an amended tax return for the year 2006, "reporting greatly increased income and falsely reporting a withholding credit relating to IRS Form 1099-OID in the amount of $1,048,786." This return allegedly, falsely claimed an overpayment to the IRS in the amount of $674,526. (Compl. ¶ 9.) Defendants were then credited $782,226.82, which is the amount (plus interest) sought by the government. (Id. at ¶¶ 10, 11, 13.) The complaint further observes that defendants have failed to account for a withdrawal from their bank account in the amount of $435,000 to their bankruptcy trustee. (Id. at ¶ 12.)

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir.1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). The court finds the well pleaded allegations of the complaint

---

[3] The complaint sought relief in the amount of $782,226.82 plus interest from November 2, 2009. (ECF No. 1, ¶ 13.)

1 state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th

2 Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the

3 motion for entry of default judgment also support the finding that plaintiff is entitled to the relief

4 requested. There are no policy considerations which preclude the entry of default judgment of the

5 type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

6 After determining that entry of default judgment is warranted, the court must next

7 determine the terms of the judgment. The government seeks $1,057,889.36, plus interest from

8 April 1, 2014 until paid, as well as costs.

9 "In an action to collect tax, the government bears the initial burden of proof. The

10 government, however, may satisfy this initial burden by introducing into evidence its assessment

11 of taxes due." Oliver v. United States, 921 F.2d 916, 919 (9th Cir. 1990).

12 Here, in support of the amount requested, the government has filed the declaration of G.

13 Patrick Jennings, attorney for the Tax Division of the Department of Justice. The exhibits to this

14 declaration include Requests for Admissions to Robert Laughlin and copies of exhibits from IRS

15 files, including a copy of a United States Treasury Check received by Mr. and Mrs. Laughlin and

16 deposited into their account on approximately November 2, 2009, in the amount of $777,209.00,

17 (ECF No. 48-4 at 2-3), as well as a copy of the Laughlin's amended federal tax return for 2006,

18 which reflects a tax withholding in the amount of $1,051,246. (Id. at 48-5 at 2-3.) According to

19 the Requests for Admissions, to which the Laughlins declined to respond, this amount was not

20 withheld from Mr. Laughlin's earnings in 2006, but was overstated with the fraudulent intent to

21 obtain a tax refund to which defendants were not entitled. (Id. at 48-3 at 4; 48-6 at 2-3.)

22 The government has also submitted the declaration of David Barbearo, a Revenue Officer

23 in the Small Business/Self–Employed Division within the Internal Revenue Service. (ECF No.

24 48-8.) Based on his review of the Laughlin tax files, Mr. Barbearo states that the Laughlins

25 received an erroneous tax refund on November 2, 2009, in the amount of $782,218.05, which

26 included an erroneous credit to another tax year. (Id. at ¶ 4.)

27 The unpaid principal requested in the motion for default judgment exceeds the original

28 amount requested in the complaint because it includes interest previously accrued and not paid,

1 which is permitted to be added to the principal.  In this regard, the declaration of David Barbearo,
2 Revenue Officer with the Internal Revenue Service, states:  "Because this liability [$782,218.05]
3 has not been assessed, the ordinary method to calculate interest was not available.  Because the
4 Laughlins filed a bankruptcy petition, and the IRS filed a proof of claim in that case, I consulted
5 the Insolvency Group with the IRS.  The Insolvency Group was able to calculate interest on the
6 proof of claim amount through April 1, 2014, in the amount of $275,671.31."  (Barbearo Dec., ¶
7 5; ECF No. 48-8 at 2.)  See also ECF No. 48-7 (Stipulation to Denial of the Discharge of
8 Debtors).

9 After carefully reviewing the documents provided by plaintiff, the court finds that the
10 government has satisfied its initial burden of proof.  See Oliver, 921 F.2d at 919 ("Normally,
11 introduction of the assessment establishes a prima facie case."); see also United States v.
12 Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983) ("Normally, a presumption of correctness attaches
13 to the assessment, and its introduction establishes a prima facie case."); United States v. Combs,
14 No. 1:12–cv–0052 AWI SMS, 2012 W L 5356037, at * 3 (E.D. Cal. Oct. 30, 2012) ("These
15 Certificates of Assessment also conclusively demonstrate that the unpaid balances due on the
16 relevant assessments against Defendant Leroy Combs, with accrued interest, penalties, and other
17 statutory additions as of January 5, 2012, is $1,120,146.61."); United States v. Carey, No. 2:05–
18 CV–2176 MCE CMK, 2007 W L 1994211, at * 5 (E.D. Cal. July 5, 2007) ("In the present matter,
19 the United States has submitted the IRS Form 4340 Certificates showing the Careys' tax
20 assessments.  Such tax assessments are presumed to be correct as long as they have a minimum of
21 factual support.").  Moreover, in this case defendants have elected to not contest the amount of
22 the assessments or the balances due.  Accordingly, in light of this record, the court will
23 recommend that judgment be entered against the defaulted defendants, and that the government
24 be awarded $1,057,889.36.

25 The government has also requested that interest accrue on the award from April 1, 2014,
26 until paid, pursuant to 26 U.S.C. § 6602. (ECF No. 48-1 at 6, 8.)  The court will also recommend
27 that this request be granted.  See Air Separation, Inc. v. Underwriters at Lloyd's of London, 45
28 F.3d 288, 290 (9th Cir.1995) ("Under the provisions of 28 U.S.C. § 1961, postjudgment interest

4

on a district court judgment is mandatory."); Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) ("Interest accrues from the date of a judgment whether or not the judgment expressly includes it").

Although the government requests costs in the conclusion of its motion (ECF No. 48-1 at 8), it has not submitted any evidence in support of this request. Therefore, this request will be denied without prejudice pending a timely post-judgment application. See E.D. Cal. LR 292(b).

CONCLUSION

For the reasons stated herein, IT IS RECOMMENDED that:

1. The government's motion for default judgment, (ECF No. 48), be GRANTED in the amount of $1,057,889.36, plus interest from April 1, 2014 until paid; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 18, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/U.S.Laughlin1990.def-jgmt

5